Name: Jason Chuan SBN 261868, Mary Sun SBN 288903
Address: 317 E Foothill Blvd, Ste 203
City, State, Zip: Arcadia, CA 91006
Phone: 626-616-6526
Fax: 626-303-7882
E-Mail: mary@sunlegalgroup.com

☐ FPD   ☐ Appointed   ☐ CJA   ☐ Pro Per   ☒ Retained

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Shoumin Zhang

PLAINTIFF(S),

v.

American Franchise Regional Center, et al.

DEFENDANT(S).

CASE NUMBER:

2:15-cv-09583-PJW

**NOTICE OF APPEAL**

NOTICE IS HEREBY GIVEN that _____Shoumin Zhang_____ hereby appeals to
*Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☒ Order (specify):
ECF Nos. 53, 80, 211, 243

☐ Judgment (specify):

☐ Other (specify):

Imposed or Filed on _____. Entered on the docket in this action on 3/7/2016 and various.

A copy of said judgment or order is attached hereto.

May 1, 2017
Date

/s/ Jason Chuan
Signature
☐ Appellant/ProSe   ☒ Counsel for Appellant   ☐ Deputy Clerk

Note:   The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party.  Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

A-2 (01/07)                                   NOTICE OF APPEAL

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHOUMIN ZHANG, an individual, | CASE NO. CV 15-9583-R |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT |
| v. | |
| AMERICAN FRANCHISE REGIONAL CENTER, LLC, a California limited liability company; EMAX ESCROW, INC., a California corporation; JOHN DEYONG HU, an individual, HU & ASSOCIATES, LLC, a California limited liability company; AGNES YEN, an individual; and SIDNEY WANG, an individual, | |
| Defendants. | |

Before the Court is Defendants American Franchise Regional Center, LLC ("ARFC"), Americana One, LLC ("Americana One"), and Agnes Yen's ("Yen") (collectively "Defendants") Motion to Dismiss Plaintiff's First Amended Complaint, which was filed on February 9, 2016. (Dkt. No. 23-1).

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper only when a complaint exhibits either a "(1) lack of a cognizable legal theory or (2) the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.

1988). Under the heightened pleading standards of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," so that the defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 570. The plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678. The court will not accept "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." *Id.*

Plaintiff's First Amended Complaint ("FAC") alleges the following claims for relief against ARFC, Americana One, and Yen: (1) Fraud; (2) Breach of Contract; (3) Breach of Covenant of Good Faith and Fair Dealing; (4) Conversion; (5) Breach of Fiduciary Duty; and (6) Unfair Business Practices.

A cause of action for fraudulent concealment must be pled with heightened specificity. Fed. R. Civ. P. 9(b); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). Thus, a plaintiff must plead "the who, what, when, where and how" of the fraud. *Vess*, 317 F.3d at 1106. Moreover, when a plaintiff sues multiple defendants, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require(s) plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMB LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007).

Plaintiff's allegation that the property at issue "was not worth $8,000,000" when Defendants represented it to be worth $8,000,000 is not enough to meet Rule 9(b)'s particularity requirement. This allegation fails to provide essential information identifying why and how the statement was false. *See, e.g.*, *Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1070 (9th Cir. 2008) (holding that "[v]ague claims about what statements were false or misleading [and] how they were false" are subject to dismissal). Plaintiff's request for judicial notice of the tax assessment value of the property is unavailing – the tax assessment value of a property is not equivalent to the fair market value of a property. Moreover, as to Americana One, Plaintiff has made no allegations that Americana One made any misrepresentations to Plaintiff. As such, the

2

fraud claim for relief is DISMISSED.

Plaintiff fails to allege that the Subscription Agreement was breached, because the USCIS notice indicates that her application was never denied, which is a condition precedent to Defendants' performance. Plaintiff's breach of implied covenant of good faith and fair dealing also cannot survive for the same reason – she has not alleged that the condition precedent to Defendants' performance ever occurred. *See Reinhardt v. Gemini Motor Transp.*, 879 F. Supp. 2d 1138, 1144-45 (E.D. Cal. 2012) (holding that one element of a breach of implied covenant claim is the occurrence of conditions precedent). Therefore, the breach of contract and breach of implied covenant of good faith and fair dealing claims are DISMISSED.

"The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Burlesci v. Petersen*, 68 Cal. App. 4th 1062, 1066 (1998). As stated above, Plaintiff has not alleged that she has an ownership or right to possession of the investment, because the condition precedent never occurred. Therefore, her conversion claim is DISMISSED.

To state a claim for breach of fiduciary duty, Plaintiff must allege (1) existence of a fiduciary duty; (2) breach of the fiduciary duty; and (3) damage proximately caused by the breach. *Stanley v. Richmond*, 35 Cal. App. 4th 1070, 1086 (1995). Plaintiff has only alleged that Hu and the Hu Law Firm owed her a fiduciary duty, and that the remaining Defendants conspired to aid and abet Hu and the Hu Law Firm to breach their fiduciary duties to Plaintiff. "If the nonfiduciary is neither an employee nor agent of the fiduciary, it is not liable to the plaintiff on a conspiracy theory because a nonfiduciary is legally incapable of committing the tort underlying the claim of conspiracy (breach of fiduciary duty)." *Everest Inv'rs 8 v. Whitehall Real Estate Ltd. P'ship XI*, 100 Cal. App. 4th 1102, 1104 (2002). Because the only duty allegedly breached as a result of the alleged conspiracy is a fiduciary duty owed by Hu and the Hu Law Firm, and Defendants were not employed by or agents of Hu and the Hu Law Firm, Defendants cannot be held liable to Plaintiff on account of conspiracy to breach fiduciary duty. The claim is therefore also DISMISSED.

To state a claim under California Business and Professions Code § 17200 for unfair

3

competition, "a plaintiff must allege that the defendant committed a business act that is either fraudulent, unlawful, or unfair." *Levine v. Blue Shield of Cal.*, 189 Cal. App. 4th 1117, 1136 (2010). A party may only bring a cause of action under Cal. Bus. & Prof. § 17200, et seq., where that party has suffered an injury in fact as a result of the unfair competition. *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1359-60 (2010). Plaintiff only argues that the unlawful prong applies. As to the unlawful prong, § 17200 incorporates other laws and treats violations of those laws as unlawful business practices independently actionable under state law. *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000). As stated above, Plaintiff fails to state a claim as to any of her claims for relief. The Court therefore DISMISSES Plaintiff's Section 17200 claim as well.

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is GRANTED as to all claims. (Dkt. No. 23).

Dated: March 7, 2016.

                                                                   MANUEL L. REAL
                                                                   UNITED STATES DISTRICT JUDGE

|  |  |
|---|---|
|  | NO JS-6 |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHOUMIN ZHANG, an individual, ) | CASE NO. CV 15-9583-R |
| ) | |
| Plaintiff, ) | ORDER DENYING PLAINTIFF'S |
| ) | MOTION FOR LEAVE TO FILE |
| v. ) | SECOND AMENDED COMPLAINT |
| ) | |
| AMERICAN FRANCHISE REGIONAL ) | |
| CENTER, LLC, a California limited liability ) | |
| company; et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint, which was filed on April 4, 2016. (Dkt. No. 70). This matter was taken under submission on April 27, 2016.

In *Lockheed Martin Corp. v. Network Solutions, Inc.*, the Ninth Circuit stated that leave to amend should be freely given absent "(1) bad faith on the part of plaintiffs; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment." 194 F.3d 980, 986 (9th Cir. 1999); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a)(2). Plaintiff, in both the Motion and Proposed Second Amended Complaint ("SAC"), provides a number of reasons why leave to amend should be granted. These reasons lack merit. This Order

1  explains a number of the most glaring examples.

2  First, Plaintiff argues that the money invested was never actually at a risk of loss, the
3  investment therefore did not qualify for the investment visa, and therefore the Plaintiff is entitled
4  to relief. Plaintiff bases this allegation on the fact that the property that made up part of the
5  investment, may have been used as a form of collateral were the investment to fail. Entitlement to
6  a percentage of remaining assets at liquidation is not uncommon for equity investments. Such
7  entitlement does not transition an equity investment to that of a secured debt. Plaintiff's citation to
8  case law concerning debt protected by collateral is therefore inapposite. *See generally In re*
9  *Soffici*, 22 I&N Dec. 158, 162 (BIA 1998). This also is not a case of invested funds being
10 maintained in non-invested cash reserves, and therefore Plaintiff's citations to case law concerning
11 such transactions are also not relevant. *See generally In re Izummi*, 22 I&N Dec. 169, 189 (BIA
12 1998). The addition of pled facts to support this irrelevant assertion would be futile as it could not
13 aid the Plaintiff in maintaining any of the causes of action.

14 Second, allegations of conspiracy cannot be based solely on a belief that the Americana
15 Defendants "likely provided [the Marketing Materials] to Hu." Without some well-pled factual
16 allegations to support such a threadbare allegation, such a claim would not survive a motion to
17 dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S.
18 662, 678 (2009). Addition of such information by amendment would therefore also be futile.

19 Third, Plaintiff argues that relief can be justified due to a failure of consideration—namely
20 the failure to obtain the desired immigration visa. Plaintiff however withdrew the visa
21 application—causing this result. Failure of consideration does not permit the party who
22 intentionally caused the failure to seek relief on account of this failure. *See Taliaferro v. Davis,*
23 216 Cal. App. 2d 398, 410-12 (1963).

24 Fourth, Plaintiff's desired additions to the cause of action for declaratory relief all arise out
25 of whether or not Defendants have any entitlement to further payment from Plaintiff. This matter
26 will already be resolved upon disposition of Defendants' remaining counterclaim. Therefore,
27 allowing such an amendment is unnecessary here.

28 As the above amendments would not provide a further basis of relief for Plaintiff as

1    already explained, allowing such amendment would simply be an exercise in futility, and therefore
2    this Court need not grant leave to amend in this instance. *See Foman*, 371 U.S. at 182.
3         It is becoming increasingly clear that both parties are using this litigation, at least in part,
4    as a means of publicly airing their personal grievances with one another.  Both parties' constant
5    flood of filings and revisions, littered with personal attacks and containing only limited substance,
6    have come dangerously close to frivolous motions.  While as noted in this Court's earlier Order
7    denying sanctions, the Court does not believe that this line has yet been crossed, this Court
8    reminds both parties that it has the power to impose sanctions *sua sponte* should this line into
9    frivolity be crossed going forward.  *See* Fed. R. Civ. P. 11(c)(3); L.R. 11-9.  All parties have a
10   right to bring their arguments to this tribunal, but only to the extent that their arguments are
11   supported by a good faith interpretation of the law.
12        **IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Second Amended
13   Complaint is DENIED in part.  (Dkt. No. 70).
14   Dated: May 11, 2016.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

3

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHOUMIN ZHANG, an individual, <br><br> Plaintiff, <br><br> v. <br><br> AMERICANA FRANCHISE REGIONAL CENTER, LLC, a California limited liability company, AMERICANA ONE, LLC, a California limited liability company, EMAX ESCROW, INC., a California corporation, JOHN DEYONG HU, an individual, HU & ASSOCIATES, LLC, a California limited liability company, AGNES YEN, an individual, and SIDNEY WANG, an individual, <br><br> Defendants. | CASE NO. CV 15-9583-R <br><br> ORDER: (1) GRANTING INTERVENOR AMERICANA ONE LLC'S MOTION FOR SUMMARY JUDGMENT; (2) DENYING PLAINTIFF SHOUMIN ZHANG'S MOTION FOR SUMMARY JUDGMENT; AND (3) GRANTING IN PART AND DENYING PART INTERVENOR AMERICANA ONE LLC'S MOTION TO DISMISS COUNTERCLAIMS AND STRIKE AFFIRMATIVE DEFENSES |

Before the Court is Intervenor Americana One LLC's ("Americana One") Motion for Summary Judgment, which was filed on September 19, 2016 (Dkt. No. 121), Plaintiff Shoumin Zhang's ("Zhang") Motion for Summary Judgment, which was filed on October 19, 2016 (Dkt No. 169), and Americana One's Motion to Dismiss Counterclaims and Strike Affirmative Defenses, which was filed on October 24, 2016 (Dkt. No. 181). Having been thoroughly briefed by both parties, this Court took these matters under submission on November 18, 2016.

/ / /

1   Summary judgment is appropriate where there is no genuine issue of material fact and the
2   moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317
3   (1986). To meet its burden of production, "the moving party must either produce evidence
4   negating an essential element of the nonmoving party's claim or defense or show that the
5   nonmoving party does not have enough evidence of an essential element to carry its ultimate
6   burden of persuasion at trial." *Nissan Fire & Marine Ins. v. Fritz Cos.*, 210 F.3d 1099 (9th Cir.
7   2000). Once the moving party meets its initial burden of showing there is no genuine issue of
8   material fact, the opposing party has the burden of producing competent evidence and cannot rely
9   on mere allegations or denials in the pleadings. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio
10  Corp.*, 475 U.S. 574 (1986). Where the record taken as a whole could not lead a rational trier of
11  fact to find for the non-moving party, there is no genuine issue for trial. *Id*.

12  Americana One asserts two causes of action against Zhang in its Complaint in Intervention
13  ("CIN"): (1) specific performance for breach of contract; and (2) monetary damages for breach of
14  contract. Both causes of action relate to the same contract, the Subscription Agreement, entered
15  into between Americana One and Zhang, whereby Zhang agreed to purchase a limited liability
16  company membership unit in Americana One for $500,000. Americana One contends that Zhang
17  breached the Subscription Agreement when she withdrew her immigration petition and refused to
18  release the $500,000 in investment funds she deposited into escrow. Through its Motion,
19  Americana One moves for entry of judgment on its sole remaining cause of action for monetary
20  damages for breach of contract, seeking relief for general damages and indemnification under the
21  Subscription Agreement.

22  A prima facie showing of breach of contract requires Americana One to establish: (1) the
23  existence of a contract; (2) Americana One's performance or excuse for nonperformance; (3)
24  Zhang's breach; and (4) the resulting damages of Zhang's breach to Americana One. All
25  requirements are satisfied here.

26  First, Americana One and Zhang entered into a valid contract. Zhang argues that the
27  contract is void for two reasons: (1) she was induced to entering into the contract by fraud; and (2)
28  the contract is unconscionable. As a preliminary matter, the Court will not address Zhang's

2

1 allegation of fraud against Americana One. Zhang already asserted a cause of action for fraud against Americana One in her First Amended Complaint and the Court dismissed that cause of action and denied her request for leave to amend. Zhang's attempt to now revive that argument is improper. Next, Zhang's assertion that the contract is void because it is unconscionable also fails. Zhang contends that the contract is unconscionable because she had little chance to review it, Americana One concealed certain material terms, and she was forced to accept all of the risks of the contract. Zhang primarily relies on her assertion that, after initially providing Zhang with materials in Chinese, Americana One changed course and sent the Subscription Agreement that Zhang was to sign in English. This argument is unavailing. The mere fact that the contract was in a foreign language does not bar enforcement of the contract's terms—if Zhang found the English version of the Subscription Agreement incomprehensible, she had the responsibility to have someone explain it to her before signing it. *See, e.g., Ramos v. Westlake Services LLC*, 242 Cal. App. 4th 674, 686-87 (2015) (holding arbitration agreement in contract enforceable even where, at the time the plaintiff signed it, the contract was presented to him in a language he did not completely understand).

Second, Americana One performed its obligations under the contract by sponsoring Zhang's I-526 Immigration Petition ("Petition")—the fact that the Petition was ultimately never approved by the United States Citizenship and Immigration Services ("USCIS") is irrelevant. Zhang's unilateral withdrawal of her Petition bars any challenge she may raise as to Americana One's full performance under the contract.

Third, Zhang breached the contract by unilaterally withdrawing the Petition and subsequently refusing to release the $500,000 she wired in investment funds. Paragraph 1 of the subscription agreement explicitly states: "The undersigned Subscriber hereby *irrevocably* subscribes, intended to be legally bound, to purchase one Unit for $500,000 (the "Purchase Price"), subject to the terms and conditions of this Agreement." (Emphasis added). Moreover, Paragraph 6, titled, "Irrevocability; Binding Effect," states in part: "The Subscriber hereby acknowledges and agrees that the subscription under this Agreement is irrevocable by the Subscriber . . . ." Here, Zhang does not dispute that she refused to release her investment funds as

3

1  required by the terms of the Subscription Agreement.  Rather, Zhang argues that the Subscription
2  Agreement was void.  The Court has already rejected this position above.  Accordingly,
3  Americana One satisfies this element.

4       Fourth, Americana One was damaged as a result of Zhang's breach by losing access to
5  Zhang's $500,000 investment funds.  Additionally, because Zhang breached the contract after
6  Americana One's Targeted Employment Area (TEA) certificate expired, Americana One was no
7  longer able to solicit and accept additional subscriptions for membership units for $500,000—
8  rather, a potential subscriber would be required to invest $1,000,000 in order to qualify for an EB-
9  5 immigration visa.  This unquestionably makes it more difficult for Americana One to secure a
10 replacement subscriber for Zhang.  Zhang argues that, because USCIS's acceptance of her Petition
11 was a condition precedent to Americana One securing access to her $500,000 investment, and
12 because there is disputed evidence that her Petition would have in fact been accepted, Americana
13 One failed to establish the absence of triable facts as to purported damages.  This argument fails.
14 Again, it is well settled that "[a] person cannot take advantage of his or her own act or omission to
15 escape liability; if the person *prevents or makes impossible* the performance or happening of a
16 condition precedent, the condition is excused."  1 Witkin, Summary of Cal. Law (10th ed. 2005)
17 Contracts, § 821.  Zhang unilaterally withdrew her Petition on June 5, 2015, making it impossible
18 for her Petition to be accepted by the USCIS.  Zhang cannot now benefit from her own prevention
19 of the fulfillment of the condition precedent to escape liability.  Accordingly, for the reasons stated
20 above, this Court finds that Americana One sufficiently established its claim for breach of
21 contract.

22      Consistent with the Court's finding of breach of contract, the Court holds Americana One
23 is entitled to monetary damages in the form of legal interest on Zhang's invested $500,000, at a
24 rate of 10 percent per annum for five years, the length of time Americana One was entitled to use
25 Zhang's investment under the Subscription Agreement.  This is the appropriate measure of
26 damages where, as here, the injured party suffered a loss of use of money.  *See Brown v. Bury*,
27 2012 WL 112645 at *4 (E.D. Cal. 2012) ("Loss of use of money is measured by the interest rate.
28 *See* Cal. Civil Code § 3287(a).  In California, the prejudgment interest rate is 10% per year.  Cal.

4

Civil Code § 3289."). Accordingly, Americana One is entitled to $250,000 of Zhang's $500,000 investment.

The Court however denies Americana One's request for attorney's fees pursuant to the indemnification provision in the Subscription Agreement. Here, Americana One relies on Paragraph 5 of the Subscription Agreement which provides in part: "The Subscriber agrees to indemnify and hold harmless [Americana One] . . . against all losses, liabilities, claims, damages, costs, fees and expenses whatsoever . . . based upon or arising out of . . . [a] breach by the Subscriber of any covenant or agreement made by the Subscriber in this Agreement . . . ." However, this provision is in direct conflict with the provision set forth in Paragraph 17(c): "Each of the parties to this Agreement shall pay its own fees and expenses (including the fees of any attorneys, accountants, appraisers or others engaged by such party) in connection with this Agreement . . . ." Americana One contends that Paragraph 17(c) does not affect its rights under Paragraph 5 because it only contemplates situations where attorneys are engaged by either party to facilitate the Subscription Agreement and does not apply to litigation that arises from a subscriber's breach of the agreement. The Court disagrees. The plain language of Paragraph 17(c) explicitly states that each party shall bear their own fees and costs *in connection with* the agreement—Americana One provides no basis for its contention that fees and costs arising from litigation in connection with the agreement is somehow excluded. Since contract ambiguities are construed against the drafter, the agreement shall be construed to provide that each party bears their own costs of litigation. Accordingly, Americana One is not entitled to its attorney's fees and costs in this action.

Finally, Zhang asserts two counterclaims against Americana One: (1) Aiding and Abetting Fraud; and (2) Aiding and Abetting Breach of Fiduciary Duty. Zhang's counterclaims are based on her allegations that Americana One aided and abetted Defendants John Deyong Hu and Hu & Associates, LLC in engaging in fraudulent conduct and breaching their fiduciary duty to Zhang. However, Zhang alleged both fraud and breach of fiduciary duty against Defendants in her First Amended Complaint, and the Court granted summary judgment in favor of Defendants on those causes of action. (Dkt. No. 186). Consistent with that ruling, the Court finds Zhang's

1 | counterclaims fail.

2 |     **IT IS HERBY ORDERED** that Intervenor Americana One's Motion for Summary

3 | Judgment is GRANTED. (Dkt. No. 121).

4 |     **IT IS FURTHER ORDERED** that Zhang's Motion for Summary Judgment is DENIED.

5 | (Dkt. No. 169).

6 |     **IT IS FURTHER ORDERED** that Americana One's Motion to Dismiss Counterclaims

7 | and Strike Affirmative Defenses is GRANTED as to Zhang's counterclaims and DENIED as moot

8 | as to Zhang's affirmative defenses. (Dkt. No. 181).

9 |     **IT IS FURTHER ORDERED** that Americana One shall be awarded $250,000 from the

10 | $500,000 interpleaded with this Court and the remaining $250,000 returned to Zhang.

11 | Dated: January 9, 2017.

                              MANUEL L. REAL
                            UNITED STATES DISTRICT JUDGE

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHOUMIN ZHANG, an individual,<br><br>    Plaintiff,<br><br>  v.<br><br>AMERICANA FRANCHISE REGIONAL CENTER, LLC, a California limited liability company, AMERICANA ONE, LLC, a California limited liability company, EMAX ESCROW, INC., a California corporation, JOHN DEYONG HU, an individual, HU & ASSOCIATES, LLC, a California limited liability company, AGNES YEN, an individual, and SIDNEY WANG, an individual,<br><br>    Defendants. | CASE NO. CV 15-9583-PJW<br><br>ORDER DENYING PLAINTIFF SHOUMIN ZHANG'S MOTION FOR RECONSIDERATION OF COURT'S AWARD OF DAMAGES TO INTERVENOR AMERICANA ONE |

Before the Court is Plaintiff Shoumin Zhang's ("Zhang") Motion for Reconsideration, which was filed on February 6, 2017. (Dkt. No. 227). Having been thoroughly briefed by both parties, this Court took the matter under submission on February 28, 2017.

Relief may be granted under Rule 59(e) if: (1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law. *Turner v. Burlington N. Santa*

*Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). Alternatively, relief may be granted under Rule 60 if the moving party makes a showing of: (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief. Fed. R. Civ. P. 60(b). However, motions for reconsideration seek "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citations omitted) (internal quotation marks omitted); *see also Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) ("'*[A] motion for reconsideration should not be granted, absent highly unusual circumstances*, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'") (emphasis added).

Zhang asserts that the Court should amend its previous Order awarding Americana One, LLC ("Americana One") $250,000 in damages, because the Court failed to consider material facts in making its damages calculation. Zhang proffers three bases for her Motion: (1) the parties' agreements show that Americana One is not entitled to interest on Zhang's investment; (2) if any interest were to be paid, the agreements at issue only support an award of five percent interest on Zhang's investment for four years; and (3) Zhang's investment was more akin to a loan and, therefore, damages should be limited to the cost of securing alternative financing. Each of Zhang's bases fail.

First, Zhang cites to Section 3.4 of the Operating Agreement to argue that neither party is entitled to interest on Zhang's funds. That provision states "No interest shall be paid on Capital Contributions or on the balance of a Member's Capital Account." Zhang contends that because the provision is not specifically limited to the payment of interest to Zhang on her $500,000 investment, the bar on interest should be applied to both parties. This Court disagrees. Nothing in Section 3.4 warrants Zhang's conclusion that Americana One is not entitled to interest on its damages award. The fact that Zhang is not entitled to interest under the Operation Agreement is irrelevant to whether Americana One is entitled to interest on its damages award. Accordingly, this basis fails.

        Second, Zhang argues that, to the extent the Court finds the award of interest appropriate, any award of interest is limited by the Loan Agreement between Americana One and Americana Project, LLC ("Americana Project"). That Loan Agreement provided that Americana One was to receive five percent interest from funds loaned to Americana Project for a period of four years. Zhang asserts that Americana One's sole business is to loan investor funds to Americana Project. Given this, Zhang contends that Americana One only expected to receive five percent interest for four years off Zhang's $500,000 investment. Therefore, Zhang argues, to receive the benefit of the bargain, Americana One is at most entitled to $100,000—any amount above that would give Americana One a windfall. This Court disagrees. The agreements relevant to this action are those agreements between Zhang and Americana One. Those agreements provide that Zhang was to purchase a limited liability company membership unit in Americana One for $500,000. As the Court previously held in its Order on Americana One's Motion for Summary Judgment, Zhang breached the Subscription Agreement by unilaterally withdrawing her immigration petition and subsequently refusing to release her investment funds to Americana One. Because of this breach, this Court held that Americana One was entitled to monetary damages in the form of legal interest on Zhang's invested $500,000, at the statutory rate of 10 percent per annum for five years. The Loan Agreement, which was a separate agreement between Americana One and a third party, is irrelevant to the Court's damages calculus.

        Finally, Zhang argues that the money she invested pursuant to the Subscription Agreement was more akin to a loan. As such, Zhang contends that the measure of Americana One's damages should be the cost of securing alternative financing. Zhang previously raised this argument when seeking summary judgment on Americana One's claims (Dkt. No. 199). The Court was unpersuaded by Zhang's argument when it was first raised, and is likewise unpersuaded by it now. To assert that Zhang's purchase of a limited liability company membership unit in Americana One was "akin to a loan" is a mischaracterization of Zhang's investment. The Court already rejected this theory when it made its original damages determination, and Zhang presents no new facts to establish this was in error.

/ / /

1  **IT IS HEREBY ORDERED** that Zhang's Motion for Reconsideration is DENIED. (Dkt. No. 227).

Dated: April 3, 2017.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

4