Name: Jason Chuan SBN 261868, Mary Sun SBN 288903
Address: 317 E Foothill Blvd, Ste 203
City, State, Zip: Arcadia, CA 91006
Phone: 626-616-6526
Fax: 626-303-7882
E-Mail: mary@sunlegalgroup.com

☐ FPD   ☐ Appointed   ☐ CJA   ☐ Pro Per   ☒ Retained

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Shoumin Zhang

PLAINTIFF(S),

v.

American Franchise Regional Center, et al.

DEFENDANT(S).

CASE NUMBER:

2:15-cv-09583-PJW

**NOTICE OF APPEAL**

NOTICE IS HEREBY GIVEN that _____Shoumin Zhang_____ hereby appeals to
*Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☒ Order (specify):
ECF No. 186

☐ Judgment (specify):

☐ Other (specify):

Imposed or Filed on _____. Entered on the docket in this action on 10/27/16 _____.

A copy of said judgment or order is attached hereto.

October 12, 2017                     /s/ Jason Chuan
Date                                 Signature
                                     ☐ Appellant/ProSe   ☒ Counsel for Appellant   ☐ Deputy Clerk

Note: The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHOUMIN ZHANG, an individual, <br><br> Plaintiff, <br><br> v. <br><br> AMERICANA FRANCHISE REGIONAL CENTER, LLC, a California limited liability company, AMERICANA ONE, LLC, a California limited liability company, EMAX ESCROW, INC., a California corporation, JOHN DEYONG HU, an individual, HU & ASSOCIATES, LLC, a California limited liability company, AGNES YEN, an individual, and SIDNEY WANG, an individual, <br><br> Defendants. | CASE NO. CV 15-9583-R <br><br> ORDER GRANTING JOHN DEYONG HU AND HU & ASSOCIATES, LLC'S MOTION FOR SUMMARY JUDGMENT |

Before the Court is Defendants John Deyong Hu and Hu & Associates, LLC's (collectively, "Hu") Motion for Summary Judgment, which was filed on September 20, 2016. (Dkt. No. 124). Having been thoroughly briefed by both parties, this Court took this matter under submission on October 4, 2016.

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). To meet its burden of production, "the moving party must either produce evidence

negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. v. Fritz Cos.*, 210 F. 3d 1099 (9th Cir. 2000). Once the moving party meets its initial burden of showing there is no genuine issue of material fact, the opposing party has the burden of producing competent evidence and cannot rely on mere allegations or denials in the pleadings. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. *Id*.

Plaintiff Shoumin Zhang ("Zhang") asserted ten causes of actions against Hu in her First Amended Complaint ("FAC"). Zhang subsequently abandoned several of those claims—remaining are Zhang's causes of action for: (1) Fraud; (2) Concealment and Deceit; (3) Unauthorized Practice of Law; (4) Breach of Fiduciary Duty; and (5) Declaratory Relief. As a preliminary matter, the Court will only address those allegations raised in the FAC—any new allegations raised in Zhang's Opposition will be disregarded. *See Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F. 3d 989, 992 (9th Cir. 2006) (noting that summary judgment is not a procedural second chance to flesh out inadequate pleadings).

First, the elements of fraud are: (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage. *Doe v. Gangland Productions, Inc.*, 730 F. 3d 946, 960 (9th Cir. 2013). In her FAC, Zhang alleges one act as the basis for her fraud claim against Hu: Hu falsely represented to Zhang that the Tustin property was worth approximately $8,000,000. This claim fails. Even assuming that Hu's representation was false, Zhang fails to allege any evidence that Hu in fact knew the representation was false. Accordingly, Zhang fails to satisfy the second element of fraud.

Second, a claim for fraudulent concealment requires that: "(1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a

1  result of the concealment or suppression of the fact, the plaintiff must have sustained damage."
2  *Davis v. HSBC Bank Nevada, N.A.*, 691 F. 3d 1152, 1163 (9th Cir. 2012). In her FAC, Zhang
3  provides two allegations as bases for her fraudulent concealment claim: (1) Hu put Regional
4  Center's interests above Zhang's interest; and (2) Hu falsely represented that he would provide
5  Zhang with free legal services for receiving her investment money back from the Tustin Project.
6  Both bases lack merit.

7  In her Opposition, Zhang asserts that Hu put Regional Center's interests above hers by
8  falsely telling her that she could not withdraw her $500,000 investment fund, even by paying
9  $50,000. Here, Zhang relies on Section 2(e) of the Subscription Agreement. Section 2(e)
10 provides in part, where the Subscriber's I-526 Immigration Petition is denied by the United States
11 Citizenship and Immigration Services ("USCIS"), and such denial is caused by the Subscriber's
12 abandonment, Americana One shall return the Subscriber's investment funds less a $50,000
13 charge. This provision does not apply to Zhang. Zhang's petition was never denied by the
14 USCIS—rather, Zhang received a USCIS Request for Evidence, which was responded to on
15 March 17, 2015. The USCIS document explicitly states: "In order to determine whether you are
16 eligible for the benefit, USCIS requests that you submit additional evidence"—this is plainly not
17 an outright denial of Zhang's petition. However, Zhang subsequently withdrew her petition before
18 the USCIS could make a final determination of its viability. Therefore, Hu's representation that
19 Zhang could not withdraw her $500,000 with a $50,000 payment was not false, and thus cannot
20 serve as a viable basis for her fraudulent concealment claim.

21 Zhang also asserts that Hu falsely represented that he would provide Zhang with free legal
22 services for receiving her investment money back from the Tustin Project. The fee agreement
23 entered into between Zhang and Hu specifies that Hu would provide free legal services for
24 receiving investment money back where a refund is permitted under the Subscription Agreement.
25 None of the circumstances enumerated by the Subscription Agreement that would entitle Zhang to
26 receive her investment money back occurred. Again, Zhang relies on her erroneous assertion that
27 her petition was denied by the USCIS. Accordingly, Zhang fails to establish that Hu was ever
28 obligated to provide free legal services to assist in obtaining the return of her investment funds,

3

1   and thus fails to provide a basis for her fraudulent concealment claim.

2   Third, Zhang's cause of action for the unauthorized practice of law fails. While California
3   Business and Professions Code section 6125 does not create a private cause of action, courts have
4   recognized a private party's entitlement to monetary damages for personal injuries sustained as a
5   result of negligent legal work by an unauthorized person. *See McKay v. Longsworth*, 211 Cal.
6   App. 3d 1592 (1989). Even assuming Hu engaged in the unauthorized practice of law, Zhang fails
7   to establish she sustained any personal injury as a result of Hu's negligence. Here, Zhang again
8   relies on her erroneous contention that she was entitled to the return of her $500,000 investment
9   funds by paying Americana One $50,000. As the Court articulated above, none of the conditions
10  enumerated by the Subscription Agreement that trigger this right occurred. Therefore, Hu was not
11  negligent in failing to inform Zhang that she was entitled to a refund by paying a $50,000 charge.

12  Fourth, Zhang's claim for breach of fiduciary duty also fails. To establish a cause of action
13  for breach of fiduciary duty the plaintiff must establish: (1) the existence of a fiduciary
14  relationship; (2) breach of that fiduciary relationship; and (3) damages proximately caused by the
15  breach. *Shopoff & Cavallo LLP v. Hyon*, 167 Cal. App. 4th 1489, 1509 (2008). Here, the
16  existence of a fiduciary relationship is not in dispute. As such, the only remaining issues are
17  whether Hu breached that fiduciary relationship and, if so, whether Zhang suffered damages as a
18  result of Hu's breach.

19  Zhang asserts three separate allegations as bases for her breach of fiduciary duty claim: (1)
20  Hu breached his duty of loyalty by simultaneously representing or working with the Regional
21  Center and failed to obtain Zhang's written consent to such simultaneous representation; (2) Hu
22  breached his duty of loyalty by placing the Regional Center's interests above Zhang's; and (3) Hu
23  breached his duty of loyalty by placing his own interests above Zhang's. All three lack merit.
24  The Court is presented with no evidence suggesting that Hu provided legal representation to
25  Regional Center. Moreover, there is no viable basis for Zhang's assertion that Hu failed to
26  disclose his business relationship with Regional Center—the relationship is plainly disclosed in
27  the EB5 Immigration Service Agreement. Zhang further fails to establish that Hu at any point
28  placed the Regional Center's interests above her own. Again, Zhang relies on her erroneous

4

contention that Hu falsely stated that she could not obtain the return of her money with a $50,000 payment.  Zhang likewise fails to establish that Hu at any point placed his own interests above her own.  Zhang proffers no substantive evidence for her assertion that Hu in fact filed a lien against her $500,000 investment while it was in escrow.  Finally, rather than being attributable to any of Hu's actions, the damages Zhang alleges in this claim were caused primarily by her own decision to unilaterally withdraw her I-526 Immigration Petition.  For these reasons, the Court finds Zhang's breach of fiduciary duty claim fails.

Lastly, as the Court finds that all of Zhang's legal causes of action fail, she lacks any basis to seek declaratory relief.  Accordingly, Zhang's tenth cause of action for declaratory relief likewise fails.

**IT IS HEREBY ORDERED** that Hu's Motion for Summary Judgment is GRANTED. (Dkt. No. 124).

Dated: October 27, 2016.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

Jason Chuan (SBN 261868)
Mary M. Sun (SBN 288903)
Law Office of Mary Sun
317 E. Foothill Blvd., Ste. 203
Arcadia, CA 91006
Phone:  626-616-6526
Fax:       626-303-7882
Email:  jason@sunlegalgroup.com
            mary@sunlegalgroup.com

Attorneys for Plaintiff and Counter-Defendant,
Shoumin Zhang

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHOUMIN ZHANG, an individual, | Case No.: 2:15-cv-09583-PJW |
| Plaintiff, | |
| vs. | **HON. PATRICK J. WALSH** |
| AMERICAN FRANCHISE REGIONAL CENTER, LLC, a California limited liability company, AMERICANA ONE, LLC, a California limited liability company, EMAX ESCROW, INC., a California corporation, JOHN DEYONG HU, an individual, HU & ASSSOCIATES, LLC, a California limited liability company, AGNES YEN, an individual, and SIDNEY WANG, an individual, | **REPRESENTATION STATEMENT** |
| Defendants. | |
| And related Counterclaims. | |

## REPRESENTATION STATEMENT

The undersigned and Mary M. Sun represent Plaintiff-Appellant Shoumin Zhang and no other party. Pursuant to Rule 12(b) of the Federal Rules of Appellate Procedure and Circuit Rule 3-2(b), Plaintiff-Appellant submits this Representation Statement.

The following list identifies all parties to the action, and it identifies their respective counsel by name, firm, address, telephone number, and e-mail, where appropriate.

| PARTIES | COUNSEL OF RECORD |
|---|---|
| Plaintiff-Appellant and Counter-Defendant-Appellant, Shoumin Zhang | Jason Chuan (SBN 261868)<br>Mary M. Sun (SBN 288903)<br>Law Office of Mary Sun<br>317 E. Foothill Blvd., Ste. 203<br>Arcadia, CA 91006<br>Phone: 626-616-6526<br>Fax:    626-303-7882<br>Email: jason@sunlegalgroup.com<br>           mary@sunlegalgroup.com |
| Defendants-Appellees John Deyong Hu and Hu & Associates, LLC | Antonio J. Gonzalez (SBN 223918)<br>GONZALEZ LAW<br>1295 W. Sunset Blvd.<br>Los Angeles, CA  90026<br>Phone: 213-213-2525<br>Fax:    213-985-7165<br>ajg@GonzalezLawPC.com |

Dated: October 12, 2017

Respectfully Submitted,
Law Office of Mary Sun
/s/ Jason Chuan
Jason Chuan
Mary M. Sun
Attorneys for Plaintiff-Appellant,
Shoumin Zhang

# CERTIFICATE OF SERVICE
## CENTRAL DISTRICT OF CALIFORNIA

*Shoumin Zhang v. American Franchise Regional Center, LLC, et al*
*Case No.: 2:15-cv-09583*

The undersigned certifies that on October 12, 2017, the following documents and all related attachments ("Documents") were filed with the Court using the CM/ECF system.

**NOTICE OF APPEAL**

**REPRESENTATION STATEMENT**

Pursuant to L.R. 5-3.2, all parties to the above case and/or each attorney of record herein who are registered users are being served with a copy of these Documents via the Court's CM/ECF system. Any other parties and/or attorneys of record who are not registered users are being served by e-mail and/or facsimile.

By: /s/ Jason Chuan
Jason Chuan